

**U.S. Department of Justice**

*Mac Schneider*
*United States Attorney*
*District of North Dakota*

*Quentin N. Burdick United States Courthouse*  701-297-7400
*655 First Avenue North - Suite 250*  *FAX:*  701-297-7405
*Fargo, ND  58102-4932*  *ADMIN FAX:*  701-297-7425
*FLU FAX:*  701-297-7435
*TOLL FREE:*  888-716-7395

October 23, 2024

Maureen W. Gornik
Acting Clerk, United States Eighth Circuit
 Court of Appeals
Thomas F. Eagleton Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO  63102

Re: United States of America v. Sharmake Abdullahi
 Appeal No. 24-3144

Dear Ms. Gornik:

The United States submits this response to Abdullahi's October 28, 2024, letter filed under Federal Rule of Appellate Procedure 28(j).  In that letter, Abdullahi cited to a previously unidentified portion of the record and argued his "reference to a potential penalty in terms of years (rather than life)" supports his position.  The record cited cuts against Abdullahi.

A "pertinent and significant" authority on Abdullahi's newly-identified record citation is set forth in Minnesota law. Fed. R. App. P. 28(j). The maximum penalty under that state's law for kidnapping where a victim is released in a safe place without great bodily harm is "imprisonment for not more than 20 years[.]"[1]  Minn. Stat. § 609.25, Subd. 2(1). Under federal law, on the other hand, Abdullahi could have been "punished by imprisonment for any term of years[,]" including a 25-year sentence. 18 U.S.C. § 1201(a)(5). Thus, Abdullahi would presumptively not be sentenced to 25 years in prison under Minnesota law, while it was eminently possible for him to receive such a sentence under federal law.

---

[1] Although Defendant was "facing Minnesota state charges for" both "robbery and kidnapping" (Appellant's Br. at 29), the "sentences for these convictions are presumed to be concurrent" under Minnesota law. State v. Alvarez, 820 N.W.2d 601, 622 (Minn. Ct. App. 2012), aff'd sub nom. State v. Castillo-Alvarez, 836 N.W.2d 527 (Minn. 2013).

Maureen W. Gornik
Acting Clerk, United States Eighth Circuit
 Court of Appeals
October 28, 2024
Page 2


But, as Appellant notes, "the jury was not made aware of the unredacted number[]" of years Abdullahi believed he was facing. The proper course is to apply the sufficiency of the evidence standard to the evidence actually presented to the jury, which the district court expressly instructed the jury included only redacted Exhibit 66a and not the additional recordings relied upon by Abdullahi. See R. Doc. 76 at 10 (instructing the jury to "only consider the statements made in . . . Exhibit 66a[]" and "not consider any other exhibits or calls" on the attempted witness tampering count).

                         Sincerely,

                         MAC SCHNEIDER
                         United States Attorney

MS/vlt